UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS – SAN ANTONIO DIVISION

| | |
|---|---|
| **VICTORIA AIR CONDITIONING, LTD.** § § § | |
| **v.** § | **CASE NO. 5:19-cv-856** |
| § | |
| **FARR BUILDERS, LLC and** § | |
| **PHILADELPHIA INDEMNITY** § | |
| **INSURANCE COMPANY** § | |

**PLAINTIFF VICTORIA AIR CONDITIONING, LTD'S ORIGINAL COMPLAINT**

Plaintiff Victoria Air Conditioning, Ltd. files this Original Complaint against Defendants FARR Builders LLC and Philadelphia Indemnity Insurance Company, and would show as follows:

# I.
# PARTIES

1. Plaintiff Victoria Air Conditioning, Ltd. ("VAC") is a Texas limited partnership with its principal office at 200 S. Ben Jordan St., Victoria, Texas 77901.

2. Defendant FARR Builders, LLC ("FARR") is a Texas limited liability company with its principal office at 3401 S. Gevers, San Antonio, Texas 78210. FARR may be served through its registered agent, Adrian Garcia, at 3401 S. Gevers, San Antonio, Texas 78210 or wherever else the registered agent may be found.

3. Defendant Philadelphia Indemnity Insurance Company ("Philadelphia Indemnity") is a Pennsylvania entity with its principal office at One Bala Plaza, Suite 100, Bala Cynwyd, Pennsylvania 19004. Philadelphia Indemnity may be served through its Texas registered agent, C T Corporation System, at 1999 Bryan Street Suite 900, Dallas, Texas 75201 or wherever else the registered agent may be found.

8068336v1

## II.
## JURISDICTION AND VENUE

4. This Court has exclusive jurisdiction over this action pursuant to the Miller Act, 40 U.S.C. § 3133 *et. seq.*, which provides federal question jurisdiction pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367 because VAC's state law claims are so related to its Miller Act claims that they form a part of the same case or controversy under Article III of the United States Constitution.

5. Venue is mandatory in the San Antonio Division of the Western District of Texas under 40 U.S.C. § 3133(b)(3) because Section 20 of the Master Subcontract Agreement that governs this dispute provides that "any action commenced arising out of or relating to this Agreement shall be brought in a court of proper jurisdiction located in Bexar County, Texas." A true and correct copy of the Master Subcontract Agreement is attached hereto as Exhibit A and fully incorporated for all purposes herein.

## III.
## FACTUAL BACKGROUND

6. On or about September 19, 2016, FARR entered a prime contract, Contract No. GS-07-P-16-HT-C-7008 ("Prime Contract No. 7008"), with the United States General Services Administration ("GSA") for the improvement of various United States Department of Homeland Security Border Patrol locations in Laredo, Eagle Pass, and Del Rio, Texas (the "Laredo, Eagle Pass, and Del Rio Project").

7. Also on or about September 19, 2016, FARR entered in a separate prime contract, Contract No. GS-07-P-16-HT-C-7007 ("Prime Contract No. 7007"), with GSA for the improvement of border patrol locations in McAllen, Brownsville, Pharr, and Los Indios, Texas (the "McAllen, Brownsville, Pharr, and Los Indios Project").

8. As the prime contractor on these projects, FARR furnished Miller Act bonds under federal law. Philadelphia Indemnity is the surety on FARR's Miller Act bonds.

9. On or about October 16, 2017, VAC entered into a Master Subcontract Agreement with FARR (the "MSA") under which VAC accepted Work Release Purchase Order Nos. 4990 ("Work Release No. 4990") dated January 5, 2017 and 4991 dated January 6, 2017 ("Work Release No. 4991")  (collectively, the "Work Releases").

10. Under Work Release No. 4990, VAC was to replace and upgrade the HVAC equipment in connection with the Laredo, Eagle Pass, and Del Rio Project.

11. Under Work Release No. 4991, VAC was to replace and upgrade the HVAC equipment in connection with the McAllen, Brownsville, Pharr, and Los Indios Project.

12. VAC commenced work in accordance with the MSA and the Work Releases but eventually began to encounter problems on the projects that were caused by FARR or otherwise outside of VAC's control. These problems resulted in significant delays to VAC's work and significantly increased VAC's costs to complete its work.

13. For example, in connection with the Laredo, Eagle Pass, and Del Rio Project, those problems include, but are not necessarily limited to, FARR and/or GSA's: (1) failure to indicate any required clearance for the driveways in the booths; (2) failure to provide the correct coil size/serial number of a coil required to be replaced in an air handling unit by VAC; (3) failure to include the relocation of a previously installed remote terminal unit (RTU) at Booth #3 in VAC's original scope of work; (4) failure to include sufficient data and information in the scope of work regarding the building automation system (BAS) and required changes to it; (5) failure to provide sufficient clearance access to VAC and VAC's subcontractors to allow them to perform their work; and (6) failure to provide onsite supervision while work was being performed.

14. Similarly, in connection with the McAllen, Brownsville, Pharr, and Los Indios Project, those problems include, but are not necessarily limited to, FARR and/or GSA's: (1) failure to include any required clearance details for the location of the RTU's at several booths; (2) failure to include the relocation of a previously installed RTU at Booth #3 in VAC's original scope of work; (3) failure to provide sufficient clearance access to VAC and VAC's subcontractors to allow them to perform their work; and (4) failure to provide onsite supervision while work was being performed.

15. The foregoing issues have resulted in delays to VAC's work and increased costs, including costs to re-do certain work and costs to perform work outside of VAC's original scope of work. VAC submitted various requests for change orders seeking extensions of time and changes to the cost of work, but FARR ignored them and required VAC to proceed with the work without the issuance of a change order. Section 9 of the MSA provides that "[i]n the absence of an agreement between [FARR] and [VAC] on the proper change to the amount or the time for performance of any Work Release because of a change in the Work, [VAC] may treat the matter as a claim." In such event, VAC is entitled to recover "the amount by which its direct costs have been reasonably increased." MSA, Section 9. Despite this obligation, FARR has failed to compensate VAC for its increased costs.

16. VAC has and/or will incur at least $143,081.16 in connection with the McAllen, Brownsville, Pharr, and Los Indios Project and at least $296,221.64 in connection with the Laredo, Eagle Pass, and Del Rio Project, which amount to a total claim of $439,302.80.

17. VAC has previously sent notices of its claims on both projects to FARR, GSA, and Philadelphia Indemnity, but VAC's claims remain unpaid. Accordingly, VAC was left with no choice but to commence this proceeding.

18. All conditions precedent to filing a Miller Act complaint have been performed on a timely basis.

## IV.
## CAUSES OF ACTION

**A.   Count 1 – Miller Act Claims**

19. VAC repeats and re-alleges the allegations in the preceding paragraphs as if fully set forth herein.

20. VAC supplied materials and/or labor in prosecution of the work provided for in the prime contracts. VAC has not been paid. VAC had a good faith belief that the materials and/or labor were intended for the specified work under the prime contracts. More than ninety days have elapsed since VAC last performed such work in connection with the above-mentioned prime contracts for which these claims is made. VAC has filed suit no later than one year after the day on which the last of the labor was performed or material was supplied by VAC. VAC has complied with all rules and requirements of the Miller Act for perfecting a right of action under the Miller Act bonds. All conditions precedent to the making of these claims have been performed or have occurred.

21. VAC has suffered damages of no less than $439,302.80. VAC is entitled to recover at least $439,302.80 in damages in connection with its Miller Act claims, plus all interests, costs, and attorneys' fees as allowed by law and VAC's contract with FARR.

**B.   Count 2 – Breach of Contract**

22. VAC repeats and re-alleges the allegations in the preceding paragraphs as if fully set forth herein.

23. A valid, enforceable contract exists between VAC and FARR. VAC performed, tendered performance, or was excused from performing its contractual obligations. FARR

materially breached the contract by, among other things, failing to pay the outstanding amounts due and owing. FARR's material breach has proximately caused VAC to suffer damages in the amount of no less than $439,302.80 for which it is entitled to additional compensation, as is summarized above. VAC is entitled to recover from FARR at least $439,302.80 in damages, plus all interest, costs, and attorneys' fees as allowed by law and the terms of the governing contract.

    **C.**    **Count 3 – Quantum Meruit**

24.    VAC repeats and re-alleges the allegations in the preceding paragraphs as if fully set forth herein.

25.    In addition to, or in the alternative, if such be necessary and without waiving any of the foregoing, VAC provided FARR with the labor, goods, materials, equipment, and services described herein. As a direct result of VAC providing FARR with such labor, goods, materials, equipment, and services, a benefit was conferred on FARR. FARR accepted the benefit of VAC's labor, goods, materials, equipment, and services, but has refused to pay for them. VAC reasonably expects payment for the labor, goods, materials, equipment, and services provided because VAC has provided similar labor, goods, materials, equipment, and services to others in the past and has been paid for such similar labor, goods, materials, equipment, and services. FARR will be unjustly enriched in the amount claimed by VAC herein if allowed to retain the benefit conferred on FARR without payment for the reasonable value of the labor, goods, materials, equipment, and services provided by VAC as described herein.

26.    As a result of FARR's nonpayment, VAC has been damaged and is entitled to recover the reasonable value of the labor, goods, materials, equipment, and services provided to FARR. The reasonable value of the labor, goods, materials, equipment, and services provided to FARR for which no payment has been made is no less than $439,302.80 for which it is entitled to

additional compensation, as is summarized above. VAC is entitled to recover at least $439,302.80 in damages in connection with its quantum meruit claims, plus all interest, costs, and attorneys' fees as allowed by law.

### D.  Count 4 – Breach of Surety Bond – Philadelphia Indemnity

27. VAC repeats and re-alleges the allegations in the preceding paragraphs as if fully set forth herein.

28. FARR, as principal, and Philadelphia Indemnity, as surety, are parties to Payment Bond Nos. PB03228301698 and PB03228301697 issued in relation to the projects. VAC provided FARR with the labor, goods, materials, equipment, and services described herein. VAC has not been paid. VAC provided all requisite notices under the foregoing bonds and has complied with all terms and conditions of the bonds. Philadelphia Indemnity, however, has failed to comply with the terms of the bonds and has breached the terms of the bonds. These breaches have caused VAC to suffer damages of no less than $439,302.80, as is summarized above. VAC is entitled to recover at least $439,302.80 in damages in connection with its claims, plus all interest, costs, and attorneys' fees as allowed by law.

## V.
## INTEREST

29. VAC seeks pre- and post-judgment interest at the maximum rate permitted by law.

## VI.
## ATTORNEYS' FEES & EXPENSES

30. As a result of FARR and Philadelphia Indemnity's conduct, VAC has retained the law firm of Porter Hedges LLP to prosecute this action on its behalf and has agreed to pay the firm's reasonable and necessary attorneys' fees.

31. VAC is entitled to recover its reasonable and necessary attorneys' fees and costs under Section 38.001 of the Texas Civil Practice and Remedies Code.

## VII.
## CONDITIONS PRECEDENT

32. All conditions precedent to VAC's claim have occurred, have been performed by VAC, or have been waived.

## VIII.
## DEMAND FOR JURY TRIAL

33. VAC asserts its rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## IX.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, VAC prays the defendants be cited to appear and file an answer herein, and that VAC have and recover judgment of and from the defendants for the following: (i) actual damages of at least $439,302.80; (ii) pre- and post-judgment interest at the maximum legal rate; and (iii) its reasonable and necessary attorneys' fees, costs, and all other reasonable expenses incurred in connection with this proceeding, including additional attorneys' fees if an appeal occurs. VAC would also request that it be awarded such other and further relief to which it may show itself to be justly entitled.

Dated:  July 18, 2019

Respectfully submitted,

/s/ David D. Peden
David D. Peden
State Bar No. 15713500
PORTER HEDGES LLP
1000 Main Street, 36th Floor
Houston, Texas  77002-6341
(713) 226-6000 telephone
(713) 228-1331 facsimile
dpeden@porterhedges.com

**ATTORNEYS FOR PLAINTIFF
VICTORIA AIR CONDITIONING, LTD.**

William W. Sommers
State Bar No. 18842600
LANGLEY & BANACK, INCORPORATED
745 East Mulberry Avenue, Suite 700
San Antonio, Texas 78212
(210) 736-6600 telephone
(210) 735-6889 facsimile
wsommers@langleybanack.com

**ATTORNEYS FOR PLAINTIFF
VICTORIA AIR CONDITIONING, LTD.**